ORDER
The Opinion filed on July 1, 2008, and appearing at 531 F.3d 993 (9th Cir.2008), is amended as follows: At 531 F.3d at 996, after the first sentence of the last paragraph, insert the following as a footnote: “As noted below and in the concurring opinion, Pesnell’s claims, including his constitutional claims, are barred to the extent that they rest upon the same misrepresentations alleged in the dismissed Arizona action.”
With this amendment, the panel has voted to deny the petition for rehearing and the petition for rehearing en banc.
The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R.App. P. 35.
The petition for rehearing and the petition for rehearing en banc are DENIED. No further petitions shall be entertained.
OPINION
HUG, Circuit Judge:
This case involves an action brought by Pesnell in California for claims of federal constitutional violations and for claims of violations of the federal and state civil Racketeer Influenced and Corrupt Organizations Act (“RICO”). The principal issue in this case is whether these claims against employees of the government are barred by a judgment in an action brought by Pesnell in Arizona against the federal government under the Federal Tort Claims Act (“FTCA”).
I.
Background
Pesnell long contended that he owned two million acres of land in California. His claim to title depended upon records dating back to the Mexican-American War. In 1998, the United States brought a quiet title action against Pesnell and others. In 1999, the district court entered judgment for the United States. That ruling extinguished Pesnell’s claims to title of the real property. United States v. Sierra Alpine, CV 98-585-ABC (C.D.Cal.1999).
In 2000, Pesnell brought an action against the United States and several federal agencies in the federal district court in Arizona. Pesnell v. United States, CV 00-0399-JCC (D.Ariz.2000). In that action, Pesnell brought claims pursuant to the FTCA, 28 U.S.C. § 1346(b)(1).[1] Pes-nell’s claims arose from two incidents. The first incident involved research allegedly costing $150,000. Pesnell conducted considerable research to establish his claim to title to the two million acres. Pesnell loaned this research to federal agents in 1988. The agents promised to return the research, but never did. Pes-nell, therefore, had to reconstruct the research. The second incident involved his reconstructed research, allegedly costing $200,000. Federal agents took this research in 1995. The federal district court dismissed all the claims, and this court affirmed in April 2003. Pesnell v. United States, 64 Fed.Appx. 73 (9th Cir.2003).
Pesnell filed the current federal action in September 2003 in the Central District *1041 of California against four government employees. Pesnell’s first amended complaint alleges four causes of action. The first is a federal civil RICO claim, for violation of 18 U.S.C. § 1962(c); the second is a state civil RICO claim, for violation of Arizona Revised Statute section 13-2314.04(A); the third is a Bivens[2] constitutional claim, for violation of Pesnell’s Fourth Amendment right by the defendants based on an unlawful search and seizure of Pesnell’s person and property; and the fourth is a Bivens claim under the Fifth Amendment, for the defendants having taken and kept his property without due process of law.
The district court granted the government’s motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) based on the FTCA’s judgment bar rule set forth in 28 U.S.C. § 2676. Pesnell appeals, contending that the judgment bar rule does not apply to this case.
II.
Judgment Bar Rule
The judgment bar rule of the FTCA provides:
The judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim.
28 U.S.C. § 2676.
Pesnell, in his action in Arizona against the United States Government, brought five FTCA counts alleging unjust enrichment, constructive trust, conversion, negligence, and misrepresentation. He also brought claims for wrongful search and seizure and violation of his due process rights under the Fourth, Fifth, and Fourteenth Amendments. The five FTCA counts were dismissed for lack of jurisdiction, which we affirmed on appeal. Pesnell v. United States, 64 Fed.Appx. 73, 74 (9th Cir.2003). In Pesnell I, we stated:
The FTCA does not include a waiver of sovereign immunity for constitutional tort claims. See Cato v. United States, 70 F.3d 1103, 1111 (9th Cir.1995). While Pesnell could be permitted to amend his complaint to bring his constitutional claims against individual government agents pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), any such claims would be barred by the two-year statute of limitations applicable to Bivens actions in Arizona. See Jackson v. Chandler, 204 Ariz. 135, 61 P.3d 17, 19 (2003) (en banc).
Id. at 74-75; see also 28 U.S.C. § 2679(b)(2) (which provides that the exclusiveness of the FTCA remedy does not apply to constitutional claims against an employee of the government).
In Cato v. United States, we quoted the Supreme Court’s decision in FDIC v. Meyer, 510 U.S. 471, 478, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994), stating “[T]he United States simply has not rendered itself liable under [the FTCA] for' constitutional tort claims.” 70 F.3d at 1111. The Supreme Court in Meyer also noted that Meyer’s constitutional tort claim was not cognizable under § 1346(b) and was properly brought under § 2679(a). Meyer, 510 U.S. at 478, 114 S.Ct. 996.
Thus the constitutional claims are not foreclosed by the statutory bar of § 2676 because those claims could not have been brought under § 1346(b).[3] As we point *1042 out in Section III, these claims that were brought in California are also not barred by the Arizona statute of limitations.
The RICO claims were not brought in the FTCA action, nor could they have been. To bring an action under 28 U.S.C. § 1346, the wrongful act must be committed “while acting within the scope of his office or employment.” Under the federal and state RICO statutes, the prohibited conduct involves an employee engaged in a pattern of racketeering activity. See 18 U.S.C. § 1962 and Ariz.Rev.Stat. 13-2314.04. An employee engaged in a pattern of racketeering activity, as required by the RICO counts, could not be doing so within the scope of his employment by the federal or state governments. Thus, the claims could not have been brought as an action under § 2646(b), as required by the judgment bar statute, 28 U.S.C. § 2676.
Although Pesnell did not bring a RICO claim in his FTCA action, he did bring a claim for misrepresentation, which was dismissed as part of the judgment against Pesnell in the FTCA action. The Bivens action in California against the federal employees for state and federal RICO violations was based in part upon alleged misrepresentations by the federal employees. The judgment bar of § 2676 applies to “any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim” (emphasis added). In this case, Pesnell did not bring a claim for misrepresentation in the California action, but his RICO claims were based in part on the alleged misrepresentations of the federal employees, the same subject matter involved in the FTCA judgment. Thus, the aspect of the RICO claims based on the same alleged employees’ misrepresentations is foreclosed by the judgment bar rule. Pesnell is free to pursue his RICO claims only to the extent that he can do so without reliance on the same allegations of misrepresentation.
The concurring opinion analyzes in greater detail the application of the judgment bar rule to this case, including the application of our authority in Gasho v. United States, 39 F.3d 1420 (9th Cir.1994). We agree with the concurring opinion. Because the California district court dismissed all of Pesnell’s claims on the basis of the judgment bar rule, it did not discuss the adequacy of the pleadings for the constitutional claims or the federal and state RICO claims. These matters should be appropriately addressed on remand. This would include a recognition that the portion of the RICO claims predicated on the same alleged misrepresentation that were the subject of Pesnell I would be barred.
III.
Timeliness of the Bivens Claims
Because the California district court dismissed Pesnell’s claims on the basis of the judgment bar, it also did not determine when the California statute of limitations period accrued nor did it determine the applicability of equitable tolling or equitable estoppel. Either of those doctrines may extend the time for filing under the statute of limitations and involve determination of factual matters. For this reason, such determination is not ordinarily amenable to resolution under Rule 12(b)(6). “In fact, a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.” Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1207 (9th Cir.1995).
We conclude that this court’s opinion in the Arizona action did not resolve the issue of timeliness. After concluding that all of *1043 the FTCA claims were dismissed for lack of jurisdiction the opinion in the Arizona action stated:
While Pesnell could be permitted to amend his complaint to bring his constitutional claims against individual government agents pursuant to Bivens v. Six Unknown Named Agents, ... any such claims would be barred by the two-year statute of limitations applicable to Bivens actions in Arizona.
64 Fed.Appx. at 75 (citations omitted).
The most significant aspect of this statement is that it pertains to Bivens claims that would be barred by the statute of limitations “in Añzona.” This Bivens action is brought in the State of California. “Although federal law determines when a Bivens claim accrues, the law of the forum state determines the statute of limitations for such a claim. In California, the statute of limitations could be either one or two years.[4] Tolling provisions for Bivens claims are also borrowed from the forum state.” Papa v. United States, 281 F.3d 1004, 1009 (9th Cir.2002). The issue for the California district court on remand is whether the California statute of limitations bars the claims. The issue of timeliness must be resolved on remand applying California law.
IV.
Motion for Recusal
In this case, Pesnell filed a Motion for Recusal alleging that Judge Collins displayed partiality because: (1) she would be a key witness regarding misrepresentations allegedly made by Assistant U.S. Attorney Donna Ford during the Sierra Alpine case; (2) Judge Collins’s clerk, acting at Judge Collins’s direction, instructed Pesnell to leave the courtroom “without apparent cause”; (3) Judge Collins issued Pesnell an order to show cause as to why his actions should not be dismissed for lack of prosecution; and (4) Judge Collins allegedly knew facts of Sierra Alpine from United States v. Emerald Financial, a case she presided over earlier.
 The denial of a recusal motion is reviewed for abuse of discretion. Jorgensen v. Cassiday, 320 F.3d 906, 911 (9th Cir.2003). Under 28 U.S.C. § 144, if “the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, ... [he] shall proceed no further....” Under 28 U.S.C. § 455(a), “[a]ny ... judge ... shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.” Under both recusal statutes, the substantive standard is “ ‘[Wjhether a reasonable person with knowledge of all the facts would conclude that the judge’s impartiality might reasonably be questioned.’ ” United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir.1997) (quoting United States v. Studley, 783 F.2d 934, 939 (9th Cir.1986)).
In Liteky v. United States, 510 U.S. 540, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994), the Supreme Court held that the *1044 alleged bias must usually stem from an extrajudicial source. Id. at 554-56, 114 S.Ct. 1147. The Court held that:
First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves ... they cannot possibly show reliance upon an extrajudicial source.... Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.
Id. at 555,114 S.Ct. 1147 (internal citations omitted). However, “expressions of impatience, dissatisfaction, annoyance, and even anger” are not grounds for establishing bias or impartiality, nor are a judge’s efforts at courtroom administration. Id. at 555-56, 114 S.Ct. 1147. Judge Snyder, who presided over the recusal hearing, denied Pesnell’s motion for recusal finding that “plaintiff does not argue that the presiding judge should be disqualified based upon any bias developed outside a judicial proceeding” and thus did not meet the Liteky standard. Additionally, Judge Snyder found that Pesnell failed to “demonstrate any such ‘deep-seated favoritism that would make fair judgment impossible.’ ” Moreover, Judge Snyder found the contention that Judge Collins is “likely to be a material witness in the proceeding” under 28 U.S.C. § 455(b)(5)(iv) to be without merit because there is no showing that she would be required to be a witness as to any material fact in the action. The district court did not abuse its discretion in denying the recusal motion.
V.
Conclusion
The district court’s dismissal under Federal Rule of Civil Procedure 12(b)(6) is reversed and remanded for further proceedings. The denial of the motion for recusal of the district judge is affirmed. Each party shall bear its own costs on appeal.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

. That case also involved a claim under the Freedom of Information Act. The district court dismissed that claim as moot, and it is not involved in this appeal.

. See Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

. As -noted below and in the concurring opinion, Pesnell's claims, including his constitutional claims, are barred to the extent that *1042 they rest upon the same misrepresentations alleged in the dismissed Arizona action.

. On January 1, 2003, California’s statute of limitations applicable to § 1983 actions changed from one-year to two-years. Cal.Civ. Proc.Code § 335.1. The statute is not retroactive. See Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir.2004) (holding that under California law, the extension of the personal injury statute of limitations will not apply to claims already time-barred). But see Cal.Civ. Proc.Code § 335.1, statutory notes (c) & (d) (indicating that claims not already barred on September 10, 2002 would benefit from the extended statute of limitations). Which statute of limitations applies in Pesnell’s case is left for the district court to determine on remand, as is the question of whether the statute of limitations for Pesnell’s claim is extended by the application of equitable tolling or equitable estoppel.