O. Paul **SCHLENVOGT**, Plaintiff—Appellant,

v.

Scott **MARSHALL**; et al., Defendants—Appellees.

No. 08–17196.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Dec. 14, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

O. Paul Schlenvogt, Arbuckle, CA, pro se.

Cassandra M. Ferrannini, Esquire, Shaye Harrington, Downey Brand, LLP, Franklin George Gumpert, Barkett & Gumpert, Sacramento, CA, for Defendants–Appellees.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

## MEMORANDUM **

O. Paul Schlenvogt appeals pro se from the district court's judgment dismissing his action brought under 42 U.S.C. § 1983 and the Racketeer Influenced and Corrupt Organizations Act. He also appeals from the order denying his motion to disqualify the district and magistrate judges. To the extent we have jurisdiction, it is under 28 U.S.C. § 1291. We affirm in part and dismiss in part.

The district court did not abuse its discretion by denying Schlenvogt's motion for disqualification because the motion was

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

based on adverse rulings and unsupported assertions. *See Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"); *Pesnell v. Arsenault,* 543 F.3d 1038, 1043–44 (9th Cir. 2008) (concluding that the district court did not abuse its discretion by denying a motion for disqualification where there was no showing that the judge was likely to be a material witness).

We lack jurisdiction to review the underlying judgment because Schlenvogt's notice of appeal was filed more than thirty days after entry of judgment. *See* Fed. R.App. P. 4(a)(1)(A); *Bowles v. Russell,* 551 U.S. 205, 209, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007) (stating that a timely notice of appeal is mandatory and jurisdictional). The postjudgment motions did not toll the time to appeal from the judgment. *See* Fed. R.App. P. 4(a)(4)(A) (listing tolling motions); *Munden v. Ultra–Alaska Assocs.,* 849 F.2d 383, 386 (9th Cir.1988) (explaining that we will not "strain to characterize artificially" a postjudgment motion "merely to keep the appeal alive").

Appellees' request for judicial notice is denied. *See Santa Monica Food Not Bombs v. City of Santa Monica,* 450 F.3d 1022, 1025 n. 2 (9th Cir.2006) (declining to take judicial notice of documents that were not relevant to resolution of the appeal).

**AFFIRMED in part; DISMISSED in part.**