**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ALLEN L. WISDOM, | No. 08-35844 |
| Plaintiff - Appellant, | D.C. No. 1:07-cv-00095-EJL-LMB |
| v. |  |
| CENTERVILLE FIRE DISTRICT, INC.; et al., | MEMORANDUM [*] |
| Defendants - Appellees. |  |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted January 20, 2010 [**]
San Francisco, California

Before: HUG, BEEZER and HALL, Circuit Judges.

Plaintiff-appellant Allen L. Wisdom ("Wisdom") appeals pro se the district

court's grant of summary judgment in favor of defendants-appellees Centerville

Fire District, Inc. and ten others (collectively "the Defendants"). Wisdom sued the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Defendants on claims of civil conspiracy, breach of fiduciary duties, fraud, civil rights violations, civil RICO violations and defamation. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. The district court properly granted summary judgment and did not abuse its discretion as to the other rulings on appeal.

The facts of this case are known to the parties. We do not repeat them here.

## I

We review the denial of a motion to disqualify or recuse a judge for abuse of discretion. *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008).

"A grant of summary judgment is reviewed *de novo*." *Resolution Trust Corp. v. Keating*, 186 F.3d 1110, 1114 (9th Cir. 1999).

We review the denial of a motion for leave to amend a complaint for abuse of discretion. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

We also review a district court's denial of a Federal Rule of Civil Procedure 56(f) motion for an abuse of discretion. *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes*, 323 F.3d 767, 773 (9th Cir. 2003).

## II

The district court acted well within its discretion in denying Wisdom's motion to disqualify Magistrate Judge Boyle pursuant to 28 U.S.C. §§ 144 and

455(a) & (b).  Wisdom has failed to show that Magistrate Judge Boyle's impartiality "might reasonably be questioned."  *See United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (citation omitted).

**III**

The district court properly granted summary judgment and dismissed Wisdom's claims.

**A**

Wisdom's civil conspiracy, breach of fiduciary duties, fraud and civil RICO claims were properly dismissed for lack of standing.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (requiring "concrete and particularized" injury specific to the plaintiff). Wisdom has failed to show that his interests in Fire District and Water System have suffered any direct diminution in value.  *See Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1318 (9th Cir. 1989) (citation omitted) (holding that in order for a shareholder to have standing, the shareholder must have been "injured directly and independently of the corporation" (citation omitted)).

**B**

The district court properly granted summary judgment on behalf of the Defendants as to Wisdom's 42 U.S.C. §§ 1983, 1985 and 1986 claims.  Wisdom

fails to provide any evidence that he suffered a deprivation of a Constitutional right. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992). Moreover, Wisdom's alleged protected class—"persons who are entitled to free speech, privacy and due process"—is not a recognized protected class for the purposes of §§ 1985 and 1986, so his claims under those sections automatically fail.

## C

The district court also properly granted summary judgment and dismissed Wisdom's defamation claim. Wisdom fails to present "a genuine issue[] of material fact" concerning his defamation claim as to Ronald Shell because that claim is completely unsupported by any evidence in the record. *Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir. 1998). Wisdom's defamation claim against Edward Baumhoff was properly dismissed due to the district court's decision not to exercise supplemental jurisdiction. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.").

## IV

The district court properly exercised its discretion by denying Wisdom's second motion for an extension to object to the magistrate judge's report and

4

recommendation. Wisdom was already granted one extension and failed to demonstrate any meritorious reason as to why he should be granted a second extension.

## V

The magistrate judge acted within his discretion by denying Wisdom's motion to amend his complaint. Wisdom's proposed additions were "futile" because they failed to amount to a "valid and sufficient claim." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (holding that a proposed amendment to a complaint is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense").

## VI

The magistrate judge also acted within his discretion by denying Wisdom's motion for an extension of discovery. Wisdom fails to explain how his outstanding and new discovery requests would have any bearing on the specific issues involved in the summary judgment motions. *See Nicholas v. Wallenstein*, 266 F.3d 1083, 1088–89 (9th Cir. 2001) (noting that a party responding to a summary judgment motion and seeking a discovery extension must "make clear what information is

sought and how it would preclude summary judgment" (quotations and citation omitted)).

## VII

The magistrate judge did not err by declining to address Wisdom's assertions of attorney misconduct. Wisdom's allegations in this regard are entirely frivolous and do not implicate the violation of any procedural or substantive due process rights.

**AFFIRMED.**