FILED

NOT FOR PUBLICATION

JUN 21 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AKAN BOYD, | No. 09-15311 |
| Plaintiff - Appellant, | D.C. No. 3:08-CV-04129-JSW |
| v. | |
| CONTRA COSTA COMMUNITY COLLEGE DISTRICT and CAROLYN HODGE, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted May 25, 2010**

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Akan Boyd appeals pro se from the district court's judgment dismissing his

action alleging federal discrimination claims and state tort claims related to the

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

defendants' failure to hire him as an African Studies instructor. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Oki Semiconductor Co. v. Wells Fargo Bank,* 298 F.3d 768, 772 (9th Cir. 2002), and we affirm.

The district court properly dismissed Boyd's Title VII claim because he failed to file a timely administrative complaint with the Equal Employment Opportunity Commission ("EEOC"), *see* 42 U.S.C. §§ 2000e-5(e)(1) and 2000e-5(f)(1), and did not allege grounds for equitable tolling, *see Josephs v. Pac. Bell*, 443 F.3d 1050, 1061 (9th Cir. 2006) (plaintiff must bring a timely EEOC complaint as pre-requisite to federal suit or satisfy grounds set forth for equitable tolling). The district court also properly dismissed Boyd's state law tort claims because defendants were entitled to immunity. *See* Cal. Gov't Code § 815(a) (public entities are immune from tort liability unless specifically provided by statute); *id*. § 820 (public employees are not liable for injuries resulting from discretionary acts or omissions).

Boyd also appeals from the district court's order denying recusal and reconsideration, both of which we review for abuse of discretion. *See Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008); *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006). The district court did not abuse its discretion in denying Boyd's motion for disqualification because he failed to

2

establish any bias or prejudice. *See* 28 U.S.C. § 455 (requiring recusal for personal bias, prejudice, conflict of interest, and other narrow circumstances); *see also Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) (stating that bias or prejudice warranting recusal must stem from an extrajudicial source and not from conduct or rulings during proceedings). The district court also did not abuse its discretion in refusing to reconsider its disqualification ruling because Boyd merely repeated his previous arguments and did not allege any grounds warranting reconsideration. *See* Fed. R. Civ. P. 60.

Boyd's remaining contentions are unpersuasive, and we do not consider issues he tries to raise for the first time on appeal. *See Foti v. City of Menlo Park*, 146 F.3d 629, 238 (9th Cir. 1998).

**AFFIRMED.**