**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-55363 |
| Plaintiff - Appellee, | D.C. No. 8:06-cv-00476-DOC-RNB |
| v. | |
| STEPHEN J. LINDSEY, an individual, and as co-trustee of Lindsey Family Revocable Trust and PATRICIA L. LINDSEY, | MEMORANDUM[*] |
| Defendants - Appellants, | |
| and | |
| LINDSEY FAMILY REVOCABLE TRUST, dated September 8, 1989, a California Trust; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted January 10, 2011[]

Before:      BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Defendants Stephen J. Lindsey and Patricia L. Lindsey appeal pro se from various district court orders, including the district court's orders denying the Lindseys' motion for recusal and motion to set aside the clerk's entry of default, and granting the government's motion for default judgment. We have jurisdiction under 28 U.S. C. § 1291. We review for an abuse of discretion the denial of a motion to set aside an entry of default, *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 2004), and the denial of a motion to disqualify or recuse a judge, *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008). We affirm.

Contrary to the Lindseys' contention, the district court had subject matter jurisdiction over this proceeding. *See* 26 U.S.C. §§ 7402(a), 7403; 28 U.S.C. §§ 1340, 1345.

The district court did not abuse its discretion in denying the Lindseys' motion to set aside the clerk's entry of default because the purported "new evidence" relied upon by the Lindseys did not provide "good cause" for setting

---

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

08-55363

aside the entry of default.  *See* Fed. R. Civ. P. 55(c); *Franchise Holding II, LLC*, 375 F.3d at 925-26 (discussing the factors for establishing good cause).

The district court did not abuse its discretion in denying the Lindseys' motion for recusal because the Lindseys failed to set forth facts demonstrating that the judge had a personal bias or prejudice that stemmed from an extrajudicial source and that was not based solely on information gained in the course of the proceedings.  *See* 28 U.S.C. § 455(b)(1) (a judge must disqualify himself if he has a personal bias or prejudice); *Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1045-46 (9th Cir. 1987) ("The bias must stem from an extrajudicial source and not be based solely on information gained in the course of the proceedings.").

**AFFIRMED.**