FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 7 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| RONALD WILLIAMS and JANN G. WILLIAMS, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> JPMORGAN CHASE BANK; et al., <br><br> Defendants - Appellees. | No. 10-16102 <br><br> D.C. No. 2:10-cv-00118-PMP-PAL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Submitted September 27, 2011[**]

Before:    SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

Ronald and Jann G. Williams appeal pro se from the district court's

judgment dismissing their action alleging violations of the Fair Debt Collection

Practices Act ("FDCPA"), fraudulent misrepresentation, and unjust enrichment.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of a motion to dismiss. *United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1051 (9th Cir. 2001). We affirm.

The district court properly dismissed the Williams' FDCPA claim because the Williams failed to sufficiently allege that the defendants were "debt collectors." *See* 15 U.S.C. § 1692a(6) (defining "debt collector" as one who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another").

The district court properly dismissed the Williams' fraudulent misrepresentation claim because the Williams failed to allege with particularity plausible allegations of fraud. *See United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054-55 (9th Cir. 2011) (claims of fraud must be plead with particularity and plausibility).

The district court properly dismissed the Williams' unjust enrichment claim because the Williams failed to sufficiently allege the required elements, and because the Williams' allegations indicate that their claim is premised on express written agreements. *See Leasepartners Corp., Inc. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997) (setting forth elements of unjust enrichment under Nevada law, and noting that "unjust enrichment is not available when there is an

10-16102

express, written contract, because no agreement can be implied when there is an express agreement").

The district court did not abuse its discretion by denying the Williams' motion for reconsideration of its dismissal because the Williams failed to show grounds warranting reconsideration. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Fed. R. Civ. P. 59 or 60).

The district court did not abuse its discretion by denying the Williams' motion to disqualify the district court judge because the Williams failed to demonstrate that the judge had a personal bias or prejudice. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (setting forth standard of review).

The Williams' remaining contentions are unpersuasive.

The Williams' request for judicial notice is construed as a citation of supplemental authorities under Fed. R. App. P. 28(j). The Williams' motion to strike is denied. JPMorgan Chase Bank's requests for judicial notice are denied.

**AFFIRMED.**