**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANNA VERTKIN, M.D., | No. 11-15211 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00775-RS |
| v. | |
| WELLS FARGO HOME MORTGAGE; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

| | |
|---|---|
| ANNA VERTKIN, M.D., | No. 11-15215 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-03527-RS |
| and | |
| MARIA SOCORRO RUIZ GUEVARA, | |
| Plaintiff, | |
| v. | |
| WELLS FARGO BANK, NA; et al., | |
| Defendants - Appellees. | |

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted November 13, 2012[**]

Before:     CANBY, TROTT, and W. FLETCHER, Circuit Judges.

In these consolidated appeals, Anna Vertkin, M.D., appeals pro se from the district court's judgments dismissing her related actions arising from foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the denial of a recusal motion. *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008). We affirm.

The district court did not abuse its discretion by denying Vertkin's motions to disqualify the district court judge because Vertkin failed to demonstrate that the judge's impartiality might be reasonably questioned, that the judge had a personal bias or prejudice, or that either the judge or his former law firm represented a defendant in the instant matters. *See* 28 U.S.C. § 455(a)-(b)(2) (setting forth grounds for recusal, including if the judge "served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter"); *Liteky v. United States*, 510

---

[**]     The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2                                                                 11-15211

U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**