**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 05 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>RYAN ROSS MCKENDRY-<br>VERHUNCE,<br><br>    Defendant - Appellant. | No. 12-10010<br><br>D.C. No. 3:11-cr-00013-HDM-<br>VPC-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, Senior District Judge, Presiding

Submitted December 3, 2012[**]
San Francisco, California

Before: O'SCANNLAIN, THOMAS, and CALLAHAN, Circuit Judges.

Ryan McKendry-Verhunce appeals his conviction by guilty plea and

sentence for three counts of possession of a firearm by a convicted felon in

violation of 18 U.S.C. § 922(g)(l) and one count of possession of an unregistered

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

short-barreled shotgun in violation of 26 U.S.C. §§ 5841, 586l(d), and 5971. We affirm. Because the parties are familiar with the history of the case, we need not recount it here.

I

The district court did not violate Fed. R. Crim. P. 11(c)(1)'s prohibition on judge participation in plea discussions. Rule 11(c)(1)'s ban does not apply because no plea discussions took place before the district court. Furthermore, the court's actions do not implicate the rationales behind Rule 11(c)(1): (1) preventing the "risk of coercing a defendant to plead guilty," (2) protecting the "integrity of the judicial process," and (3) preserving "the judge's impartiality *after* the negotiations are completed." *See United States v. Bruce*, 976 F.2d 552, 556-57 (9th Cir. 1992).

The district court never prohibited McKendry-Verhunce from cooperating with the government, nor did it foreclose any scenario where McKendry-Verhunce could carry firearms, drugs or money as part of a cooperation agreement. Rather, the court reasonably said it would not permit McKendry-Verhunce to possess firearms or drugs absent a controlled, court-approved program. No Rule 11(c)(1) violation occurred.

2

## II

The district court did not err in denying McKendry-Verhunce's motion to recuse before imposing sentence, a decision we review for abuse of discretion. *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008). The district court did not commit plain error by failing *sua sponte* to recuse from hearing the Rule 11 motion. *United States v. Holland*, 519 F.3d 909, 911-12 (9th Cir. 2008) (recusal decision reviewed for plain error when party does not request recusal).

The isolated comments by the judge upon which McKendry-Verhunce relies to support his argument do not establish the bias or partiality that would require recusal. "[J]udicial remarks during the course of a trial that are critical, or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

**AFFIRMED.**