**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| SUSAN V. KLAT, | No. 11-55717 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00100-JM-CAB |
| v. | |
| MITCHELL REPAIR INFORMATION COMPANY, LLC; SNAP-ON INCORPORATED, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

Submitted June 10, 2013[**]

Before:     HAWKINS, McKEOWN, and BERZON, Circuit Judges.

Susan V. Klat appeals pro se from the district court's summary judgment in

her employment action alleging retaliatory discharge in violation of Title VII. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Vasquez v. County*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because Klat failed to raise a genuine dispute of material fact as to the first element of her prima facie case of retaliation, that is, whether she was engaged in a protected activity under Title VII at the time of her termination. *See id.* at 646 (setting forth elements of a prima facie case of retaliation under Title VII); *Learned v. Bellevue*, 860 F.2d 928, 932-33 (9th Cir. 1988) (to survive summary judgment, employee must raise a triable dispute that, at the time of termination, her "opposition" to or "participation" in certain conduct was reasonably perceived to fall within the protection of Title VII).

The district court did not abuse its discretion in denying Klat's motion for disqualification because Klat failed to establish that the judge's impartiality might reasonably be questioned. *See Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (setting forth standard of review over disqualification motions and grounds for recusal under 28 U.S.C. §§ 144 and 455(a)).

Klat's contentions regarding the district court's alleged failure to review the entire record are unpersuasive.

**AFFIRMED.**