**NOT FOR PUBLICATION**

DEC 18 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER STOLLER, | No. 13-17105 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-01307-GMS-JFM |
| LEO STOLLER, | |
| Appellant, | MEMORANDUM[*] |
| v. | |
| BANK OF NEW YORK MELLON TRUST COMPANY; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted December 9, 2014[**]

Before:    WALLACE, LEAVY, and BYBEE, Circuit Judges.

Leo Stoller and Christopher Stoller appeal pro se from the district court's

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judgment dismissing this action arising out of foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915e(2), *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order), and we affirm.

The district court properly dismissed the action as barred by the doctrines of claim and issue preclusion because the elements of both doctrines were satisfied. *See Kendall v. Visa USA, Inc.*, 518 F.3d 1042, 1050 (9th Cir. 2008) (setting forth elements of issue preclusion); *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (setting forth elements of claim preclusion).

The district court did not abuse its discretion by entering a pre-filing order against appellants because they had notice and an opportunity to be heard, and the district court developed an adequate record for review, made findings regarding their frivolous litigation history, and tailored the restriction narrowly. *See De Long v. Hennessey*, 912 F.2d 1144, 1147-48 (9th Cir. 1990) (stating standard of review and discussing four factors a district court must consider before imposing a pre-filing restriction on a vexatious litigant).

The district court did not abuse its discretion in denying the motion to disqualify the district court judge. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or

partiality motion."); *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (stating standard of review).

Appellants' motion for judicial notice, filed on March 4, 2014, is granted. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001) (court may take judicial notice of fact that document was signed by signatory).

Appellants' motions for a stay of proceedings, filed on September 25, 2014, November 20, 2014, and November 27, 2014, are denied as moot.

All other pending motions are denied.

The court's March 5, 2014 order to show cause is discharged.

**AFFIRMED.**

13-17105