**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CAROLYN RYGG, a single woman and CRAIG DILWORTH, a single man, | No. 14-35080 |
| Plaintiffs - Appellants, | D.C. No. 2:13-cv-00864-JLR |
| v. | MEMORANDUM[*] |
| DAVID F HULBERT; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted May 6, 2015[**]
Seattle, Washington

Before: WALLACE, KLEINFELD, and CHRISTEN, Circuit Judges.

Appellants Carolyn Rygg and her son, Craig Dilworth, engaged in extensive

state court litigation with their next-door neighbors, Larry and Kaaren Reinertsen,

to resolve a property line dispute. The Washington Court of Appeals affirmed the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

trial court's rulings in favor of the Reinertsens. *See Reinertsen v. Rygg*, No. 64661-3-I, 161 Wash. App. 1037 (2011), *petition for review denied*, 268 P.3d 224 (Wash. 2011).

Dissatisfied with the result of the state court proceedings, appellants filed an action in federal court. Their 200-page amended complaint asserted 50 claims against 21 defendants. The district court dismissed all but two of the claims in a detailed order, and entered judgment against appellants on the remaining two claims following a jury trial. We affirm the judgment and these rulings in a separate memorandum disposition filed simultaneously with this one.

After the district court issued its dismissal judgment, appellants filed a second federal action. Their complaint in the second federal action was largely duplicative of their amended complaint in the first federal action. It named many of the same defendants, as well as lawyers who had represented those defendants in the first federal action. The district court sua sponte issued an order staying the case but permitting the defendants to file one joint motion to dismiss. The defendants filed a motion. After full briefing by the parties, the district court granted the motion and dismissed the action.[1]

---

[1] Because the parties are familiar with the facts, we recount only an abbreviated version of them here.

Rygg and Dilworth appeal from the district court's dismissal of the action, as well as its denial of their motion for recusal of Judge Robart. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

**1.** The district court did not abuse its discretion by denying appellants' motion for recusal. The statements Judge Robart made in his orders denying certain post-trial motions in the first federal action reflect opinions he formed based on his extensive experience with this litigation; they do not demonstrate bias stemming from an extrajudicial source, nor do they demonstrate that Judge Robart was incapable of fair judgment. *See Pesnell v. Arsenault*, 543 F.3d 1038, 1043–44 (9th Cir. 2008).

**2.** The district court properly dismissed appellants' complaint.[2] Counts 1–3 and 14–18 were duplicative of claims alleged in the first federal action; the district court properly dismissed these counts for the same reasons it dismissed their counterparts in the first federal action. The district court properly dismissed Count 13 for failure to state a claim: appellants do not have a right to be represented by an attorney who has been suspended from the practice of law. The remaining claims were state law claims, and the district court was well within its discretion to

---

[2] Prior to entering its order on the motion to dismiss, the district court granted appellants' motion to withdraw Counts 5 and 6 from the complaint.

decline to exercise supplemental jurisdiction over them. *See Bryant v. Adventist Health Sys./W.*, 289 F.3d 1162, 1169 (9th Cir. 2002).

**3.**     As in the first federal action, the district court did not abuse its discretion by denying leave to amend the complaint. *See Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058–59 (9th Cir. 2011).

   **AFFIRMED.**