FILED

NOT FOR PUBLICATION

SEP 04 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>DAVID MEDNANSKY, individually and MARTINE MEDNANSKY, individually,<br><br>Defendants - Appellants. | No. 13-55662<br><br>D.C. No. 3:10-cv-01307-MMA-BGS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted September 1, 2015[**]
San Francisco, California

Before:  THOMAS, Chief Judge and HAWKINS and McKEOWN, Circuit Judges.

David and Martine Mednansky appeal pro se from the district court's grant

of summary judgment to the United States in an ejectment and trespass suit

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

brought by the government. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

1.      The Mednanskys were properly served with the complaint through their attorney. The district court therefore properly exercised personal jurisdiction over the Mednanskys. The United States served the Mednanskys by delivering a copy of the complaint "to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C). The Mednanskys retained their counsel to represent them in a suit they filed pro se against Forest Service officials. Their attorney-client relationship with their counsel continued in this case, which was filed contemporaneous to the other litigation and involved many of the same parties and related facts. *See Damron v. Herzog*, 67 F.3d 211, 214 (9th Cir. 1995). Their counsel signed and acknowledged service of the complaint, and as such became attorney of record for the Mednanskys. S.D. Calif. Local. R. 83.3(g)(1). Their counsel need not have had express authority to accept service of process on the Mednandskys behalf. *In re Focus Media Inc.*, 387 F.3d 1077, 1082–83 (9th Cir. 2004). Therefore, the district court did not abuse its discretion by exercising personal jurisdiction. *See Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). The Mednanskys' due process claim was not timely asserted

2

and is therefore waived. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703–05 (1982).

2.     The district court did not err by granting summary judgment to the United States. Reviewed de novo, the district court's ejectment and damages decisions were proper, as the government showed there was no genuine dispute as to any material fact and entitlement to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Szajer v. City of L.A.*, 632 F.3d 607, 610 (9th Cir. 2011).

3.     The district court did not abuse its discretion in its rulings on the Mednanskys' motions to recuse. *See Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008). The Mednanskys relate no credible evidence of bias on the part of either district judge. They have therefore failed to meet the statutory standard for recusal. *See* 28 U.S.C. §§ 144, 455.

4.     The district court did not abuse its discretion by denying the Mednanskys' last Rule 60 motion that identified for the first time legal precedent that they could have presented earlier. *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

5.     The fact that the Mednanskys were pursuing their own litigation against federal officials did not bar the United States from filing this ejectment and trespass suit. *See*, *e.g.*, *Heckler v. Chaney*, 470 U.S. 821, 838 (1985) (recognizing

3

that the decision to institute an enforcement action is "committed to agency discretion[.]").

6.      The Mednanskys' challenges to the district court's Rule 54(b) and stay pending appeal rulings are without merit and otherwise are now moot. Earlier decisions about the Mednansky's request for a stay are now law of the case and will not be revisited. *Merritt v. Mackey*, 932 F.3d 1317, 1320 (9th Cir. 1991).

7.      The Mednanskys' motion for Rule 11 sanctions is without merit. "Rule 11 does not apply to appellate proceedings." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 406 (1990). The United States is not subject to sanctions on appeal under Federal Rule of Appellate Procedure 38 because the government did not file this appeal.

        **AFFIRMED.**