**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BARBARA ELLEN SHERRILL, | No. 15-15558 |
| Plaintiff - Appellant, | D.C. No. 4:15-cv-00011-RCC |
| v. | |
| LAUREATE EDUCATION INCORPORATED, DBA Walden University, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief Judge, Presiding

Submitted October 14, 2015[**]

Before:     SILVERMAN, BERZON, and WATFORD, Circuit Judges.

Barbara Ellen Sherrill appeals pro se from the district court's judgment

dismissing her action alleging that defendant discriminated against her in violation

of Title IX.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Sherrill's action because Sherrill failed to allege facts sufficient to show that defendant discriminated against her because of her sex. *See* 20 U.S.C. § 1681(a) ("No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any educational program or activity receiving Federal financial assistance[.]").

The district court did not abuse its discretion in denying Sherrill's motion for leave to file a late amended complaint because amendment would have been futile. *See Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097, 1100-01 (9th Cir. 2004) (setting forth standard of review and explaining that leave to amend should be freely given absent such reasons as futility of amendment, undue delay, or repeated failure to cure deficiencies in the complaint).

The district court did not abuse its discretion in denying Sherrill's motion for recusal because Sherrill failed to establish any ground for recusal. *See Pesnell v. Arsenault*, 543 F.3d 1038, 1043-44 (9th Cir. 2008) (setting forth standard of review and explaining grounds for judicial recusal).

15-15558

Sherrill's challenge to the denial of her request for injunctive relief is moot. *See Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1450 (9th Cir. 1992) (when underlying claims have been decided, the reversal of a denial of preliminary injunction would have no practical consequences, and the issue therefore is moot).

We reject Sherrill's contentions that the district court was biased against her and violated her constitutional rights by dismissing her action.

**AFFIRMED.**