**NOT FOR PUBLICATION**

MAR 24 2016

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| HOWARD ELLIS, | No. 15-15034 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-00657-MMD-WGC |
| v. | |
| JAMES BENEDETTI; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted March 15, 2016[**]

Before: GOODWIN, LEAVY, and CHRISTEN Circuit Judges.

Nevada state prisoner Howard Ellis appeals pro se from the district court's

judgment dismissing for failure to comply with a discovery order his 42 U.S.C.

§ 1983 action alleging various constitutional claims relating to his conditions of

confinement. We have jurisdiction under 28 U.S.C. § 1291. We review for an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

abuse of discretion a dismissal under Fed. R. Civ. P. 37. *Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995). We affirm.

The district court did not abuse its discretion by dismissing Ellis' action because Ellis repeatedly failed to comply with the district court's order to provide complete responses to defendants' written discovery requests. *See id.* at 348 (setting forth the five factors for determining whether to dismiss under Fed. R. Civ. P. 37 for failure to comply with a discovery order).

The district court did not abuse its discretion by denying Ellis' motions for entry of default and for default judgment on the basis of defendants' untimely answer to the amended complaint because defendants were actively litigating the case, Ellis had filed a motion to alter the judgment that was still pending, and public policy favors disposition on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth the standard of review and factors for determining whether to enter default judgment).

The district court did not abuse its discretion by denying Ellis' requests for appointment of counsel because Ellis failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement).

The district court did not abuse its discretion by denying Ellis' motion to

15-15034

recuse the magistrate judge and district court judge because Ellis failed to establish that the judges' impartiality might reasonably be questioned. *See Pesnell v. Arsenault*, 543 F.3d 1038, 1043-44 (9th Cir. 2008) (setting forth standard of review and factors for evaluating a motion to recuse).

We reject as unsupported Ellis' contention that the district court erred in granting defendants' motion to compel discovery after defendants' counsel failed to meet and confer in compliance with the local rules. *See Delange v. DutraConst. Co., Inc.*, 183 F.3d 916, 919 n.2 (9th Cir. 1999) (explaining that a district court has "broad discretion" in interpreting and applying its local rules).

Ellis' motion for judicial notice, filed on February 10, 2015, is denied.

**AFFIRMED.**