**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATHALEE EVANS; et al., | No. 14-56274 |
| Plaintiffs - Appellants, | D.C. No. 2:14-cv-00285-R-PLA |
| v. | |
| JERRY BROWN, in his individual and Official Capacity as Governor of the State of California; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted March 8, 2016[**]
Pasadena, California

Before: REINHARDT, MURGUIA, and OWENS, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Appellants Nathalee Evans and Dorian Carter appeal from the district court's dismissal of their action arising from state court probate proceedings. We review de novo a dismissal under the *Rooker-Feldman* doctrine. *Bell v. City of Boise*, 709 F.3d 890, 896 (9th Cir. 2013). As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      The district court properly dismissed this action as barred by the *Rooker-Feldman* doctrine because it is a "forbidden de facto appeal" of state court decisions, and raises issues that are "inextricably intertwined" with those decisions. *See id.* at 897 (explaining that the *Rooker-Feldman* doctrine bars a federal plaintiff from asserting as a legal wrong an allegedly erroneous decision by a state court, and seeking relief from the state court decision, as well as any issue "inextricably intertwined" with the state court decision); *Cooper v. Ramos*, 704 F.3d 772, 779 (9th Cir. 2012) (explaining that an issue is "inextricably intertwined" where "the relief requested in the federal action would effectively reverse the state court decision or void its ruling" (citation omitted)).

2.      We affirm the denial of Appellants' motions to disqualify the district judge. Appellants made their motions under 28 U.S.C. §§ 47, 144, and 455 and the Due Process Clause. With respect to §§ 144 and 455, the record does not support that "a reasonable person with knowledge of all the facts would conclude that the

judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (citation omitted). For the same reason, "the record does not suggest that 'the probability of actual bias' on [the district judge's] part was 'too high to be constitutionally tolerable[,]' so as to mandate his recusal on due process grounds." *In re Marshall*, 721 F.3d 1032, 1045 n.17 (9th Cir. 2013) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Finally, § 47, which bars a judge from "hear[ing] or determin[ing] an appeal from the decision of a case or issue tried by him," is plainly inapplicable to this case. We therefore affirm the district court.

3. Similarly, contrary to Appellants' contention, the record does not support that reassignment to an out-of-state district judge was warranted under 28 U.S.C. § 292(b), (d). *See United States v. Claiborne*, 870 F.2d 1463, 1466 (9th Cir. 1989) (reassignment under § 292 is discretionary).

**AFFIRMED**.