**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JOSEPH NICHOLS, | No. 14-17442 |
| Plaintiff - Appellant, | D.C. No. 3:13-cv-05773-JD |
| v. | |
| ELOY MEDINA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted April 26, 2016[**]

Before:    McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

California state prisoner Joseph Nichols appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

dismissal under 28 U.S.C. § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2000), and may affirm on any ground supported by the record, *Hamilton v. Brown*, 630 F.3d 889, 892-93. We affirm.

The district court properly dismissed Nichols' retaliation claims because Nichols did not allege facts sufficient to support his conclusory allegations of retaliatory motive. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of a First Amendment retaliation claim in the prison context).

The district court properly dismissed Nichols' access-to-courts claims because Nichols failed to allege that he suffered an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 349-53 (1996) (an access-to-courts claim requires plaintiff to show that defendant's conduct caused actual injury to a non-frivolous legal claim).

The district court properly dismissed Nichols' claim regarding the handling of his administrative grievances because inmates are not entitled to a specific type of grievance process. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure.").

The district court properly dismissed Nichols' claim that defendants deprived him of property without due process because Nichols had an adequate post-deprivation remedy under California law. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Govt. Code §§ 810-895).

14-17442

The district court did not abuse its discretion in dismissing Nichols' amended complaint without leave to amend after providing Nichols with the opportunity to amend. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend should be given unless amendment would be futile); *see also Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Nichols' motion for appointment of counsel because Nichols did not demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and exceptional circumstances requirement for appointment of counsel).

The district court did not abuse its discretion in denying Nichols' motion for recusal because Nichols failed to establish any ground for recusal. *See Pesnell v. Arsenault*, 543 F.3d 1039, 1043-44 (9th Cir. 2008) (setting forth standard of review and grounds for recusal); *United States v. Hernandez*, 109 F.3d 1450, 1454 (9th Cir. 1997) ("[J]udicial rulings alone almost never constitute valid basis for a bias

or partiality motion." (citation and internal quotation marks omitted)).

We do not consider the dismissal of Nichols' original complaint because his second amended complaint supersedes it. *See Ferdik v. Bonzelet*, 963 1258, 1262 (9th. Cir. 1992).

Nichols' request for judicial notice, filed on January 14, 2015, is denied.

**AFFIRMED.**