**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| AMY REBECCA GURVEY, | No. 12-57268 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-00942-AJB-BGS |
| v. | |
| LEGEND FILMS, INC., FKA Legend Films, LLC; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted November 18, 2014[**]

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Amy Rebecca Gurvey appeals pro se from the district court's summary

judgment in her diversity action alleging, among other claims, breach of an

employment contract.  We have jurisdiction under 28 U.S.C. § 1291.  We review

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

de novo. *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir. 2001). We affirm.

The district court properly granted summary judgment because Gurvey failed to raise a genuine dispute of material fact as to whether her claims are not barred by the applicable six-year statutes of limitations. *See* N.Y. C.P.L.R. § 213(2) (six-year statute of limitation for "an action upon a contractual obligation or liability, express or implied"); N.Y. Lab. Law § 198(3) ("Notwithstanding any other provision of law, an action to recover upon a liability imposed by this article must be commenced within six years."); *Pelletier v. Fed. Home Loan Bank of S.F.*, 968 F.2d 865, 872 (9th Cir. 1992) (to survive summary judgment, nonmovant "ordinarily must furnish affidavits containing admissible evidence tending to show the existence of a genuine dispute of material fact").

The district court did not abuse its discretion by denying Gurvey's ex parte motion to amend her complaint because Gurvey failed to show good cause. *See* Fed. R. Civ. P. 16(b)(4) (requiring "good cause" to modify a scheduling order); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992) (setting forth standard of review and explaining that the "good cause" standard of Rule 16 controls after a scheduling order is established, and that the inquiry primarily turns on the party's diligence).

The district court did not abuse its discretion by denying Gurvey's motion

for change of venue because Gurvey failed to show that transfer was warranted under 28 U.S.C. § 1404(a) after the parties had stipulated to the transfer of her action to the Southern District of California. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (setting forth standard of review).

The district court did not abuse its discretion by denying Gurvey's motions seeking recusal of the district court judge and magistrate judge because Gurvey failed to establish that their impartiality might reasonably be questioned. *See Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (setting forth standard of review and grounds for recusal under 28 U.S.C. §§ 144 and 455(a)).

The district court did not abuse its discretion by denying reconsideration of its rulings regarding summary judgment, transfer of venue, leave to amend, and disqualification because Gurvey failed to establish grounds for such relief. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Fed. R. Civ. P. 59(e) and 60(b)).

We lack jurisdiction to consider the district court's orders imposing sanctions against Gurvey, denying her motion to reconstruct the record, and denying her motion to vacate the sanctions award because she failed to file an amended or separate notice of appeal. *See Whitaker v. Garcetti*, 486 F.3d 572, 585

3                                                                                    12-57268

(9th Cir. 2007).

We do not consider matters not specifically and distinctly raised and argued in the opening brief or matters raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam). Nor do we consider any documents that are not part of the district court record. *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988).

We reject Gurvey's contentions that she was prejudiced by the district court's alleged failure to record a mandatory settlement conference, the district court denied her equal protection of the law or reasonable accommodations, and the district court otherwise mismanaged this action.

Gurvey's opposed motion to supplement the record, filed on July 25, 2014, and her request for oral argument on the motion are denied.

**AFFIRMED.**