FILED

NOT FOR PUBLICATION

OCT 22 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BARBARA ELLEN SHERRILL, | No. 14-15763 |
| Plaintiff - Appellant, | D.C. No. 4:12-cv-00489-CKJ |
| v. | |
| LORETTA E. LYNCH, Attorney General; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted October 14, 2015[**]

Before:     SILVERMAN, BERZON, and WATFORD, Circuit Judges.

Barbara Ellen Sherrill appeals pro se from the district court's judgment

dismissing her action alleging that she was denied employment with the United

States Attorney's Office in violation of the Age Discrimination in Employment

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Act.  We have jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of discretion the district court's dismissal under Federal Rule of Civil Procedure 41(b).  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).  We affirm.

The district court did not abuse its discretion in dismissing Sherrill's action because Sherrill failed to comply with the court's discovery order or to appear at her deposition.  *See id.* at 1260-61 (setting forth factors that the court should consider in deciding whether to dismiss an action under Rule 41(b)).

The district court did not abuse its discretion in denying Sherrill's motions for recusal because Sherrill failed to establish any ground for recusal.  *See Pesnell v. Arsenault*, 543 F.3d 1038, 1043-44 (9th Cir. 2008) (setting forth standard of review and explaining grounds for judicial recusal).

The district court did not abuse its discretion in denying Sherrill's motion for leave to file an amended complaint because amendment would have been futile. *See Chappell v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that the district court properly denies leave to amend where amendment would be futile); *see also Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Sherrill's requests for appointment of counsel because Sherrill failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and explaining the "exceptional circumstances" requirement).

We reject Sherrill's contentions that she was entitled to default judgment and prevented from moving for summary judgment.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**