**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUSTIN RINGGOLD-LOCKHART and NINA RINGGOLD, | No. 11-56973 |
| Plaintiffs - Appellants, | D.C. No. 2:11-cv-01725-R-PLA |
| v. | MEMORANDUM* |
| COUNTY OF LOS ANGELES; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted December 2, 2013**
Pasadena, California

Before: PREGERSON, BERZON, and CHRISTEN, Circuit Judges.

**1.** The First Amended Complaint fails to state a claim upon which relief can

be granted. *See* Fed. R. Civ. P. 12(b)(6). As to count one, the 42 U.S.C. § 1983

allegations do not allege sufficient facts to plead a plausible claim of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

discriminatory application of California's vexatious litigant statute. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nothing in the First Amended Complaint alleges facts pointing to purposeful viewpoint, racial, or disability discrimination, as opposed to the regular operation of the state vexatious litigant statute. Appellants have thus failed to allege facts showing that the discriminatory impact of which they complain is fairly traceable to a discriminatory purpose. *See Washington v. Davis*, 426 U.S. 229, 242 (1976). Nor have appellants alleged sufficient facts to plead a due-process violation or a takings claim arising out of the vexatious litigant statute or Senate Bill X2 11's retroactivity provision. Fed. R. Civ. P. 12(b)(6). Appellants complain of an unlawful judicial pay scheme, but have not pled any facts indicating "a risk of actual bias or prejudgment [such] that the practice must be forbidden if the guarantee of due process is to be adequately implemented." *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 884 (2009) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)).

**2.** It was also proper to dismiss count two of the First Amended Complaint. Appellants failed to state a claim that either the application of the state vexatious litigant statute or the selective appointment of trustees in probate matters involved a conspiracy to purposely violate civil rights, 42 U.S.C. § 1985(3), and have not

alleged facts showing that persons of color are being deprived of a right or privilege that is otherwise extended to white citizens. 42 U.S.C. § 1982.

**3.** The district court properly dismissed the claims against the County of Los Angeles and County Counsel Andrea Ordin, because Appellants failed to plead facts demonstrating that these County actors are liable for the actions of California state court judges. *See Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995).

**4.** The district court properly dismissed the official-capacity claims against state Appellees Governor Jerry Brown and Attorney General Kamala Harris for monetary damages. *See Flint v. Dennison*, 488 F.3d 816, 824–25 (9th Cir. 2007). Appellants' argument that the state Appellees waived the sovereign-immunity defense by filing a responsive pleading several days late is unavailing. Because the state Appellees raised the sovereign-immunity defense in their first responsive pleading, they sufficiently invoked this defense. *See Tritchler v. County of Lake*, 358 F.3d 1150 (9th Cir. 2004).

**5.** Because the federal claims were properly dismissed at an early stage of the proceedings, in this case it would be an abuse of discretion for the district court to exercise jurisdiction over the remaining state-law claims. 28 U.S.C. § 1367(c)(3); *see Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

**6.** The motion for a temporary restraining order was properly denied, because Appellants have not raised serious questions going to the merits of their claims. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The motions for reconsideration and relief from judgment were properly denied because Appellants presented no newly discovered evidence, and there was no clear legal error, no intervening change in law, nor any other reason justifying relief. *See United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). The request for leave to amend the First Amended Complaint was properly denied because the motions and Complaint confirm that, in this instance, further amendment would be futile. *See Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

**7.** Nothing in this memorandum disposition should be construed as affecting the companion appeal from this case, No. 11-57231, which is still pending before this court.

AFFIRMED.