FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 24 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ASAP COPY AND PRINT; ALI TAZHIBI; NINA RINGGOLD, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> JERRY BROWN, in his Individual and Official Capacity as Governor of the State of California and in his Individual and Official Capacity as Former Attorney General of the State of California; KAMALA HARRIS, in her Individual and Official Capacity as Current Attorney General of the State of California; COUNTY OF LOS ANGELES; JOHN A. CLARKE, in his Individual, Administrative, and Official Capacity as former Chief Executive Officer and of the Los Angeles County Superior Court and separately as Clerk of Court; WILLIAM MITCHELL, in his Individual, Administrative, and Official Capacity as Interim and Current Chief Executive Officer of the Los Angeles County Superior Court and separately as Clerk of Court; ROGER BOREN, in his Individual, Administrative, and Official Capacity as | No. 14-56603 <br><br> D.C. No. 2:14-cv-03688-R-PLA <br><br> MEMORANDUM[*] |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Administrative Presiding Justice of the California Court of Appeals for the Second Appellate District; SUPERIOR COURT OF THE COUNTY OF LOS ANGELES, FRANK MCGUIRE, in his Individual, Administrative, and Official Capacity as Clerk of Court; CANON BUSINESS SOLUTIONS INC; GENERAL ELECTRIC CAPITAL CORPORATION, SHERRI CARTER, in her Individual, Administrative, and Official Capacity as Elected Chief Executive Officer of the Los Angeles County Superior Court and separately as Clerk of Court, BARBARA M. SCHEPER, Judge, in her Individual and Claimed Official Capacity, DOUGLAS SORTINO, Judge, in his Individual and Claimed Official Capacity; CAROLYN KUHLE, Judge, in her Individual and Administrative Capacity as Presiding Judge on Review of Requests for Accommodations for Disability under CRC Rule 1.100; NAGI GHOBRIAL, in his Individual, Official, and Administrative Capacity of ADA Coordinator; JENNIFER CASADOS, in her Individual, Official and Administrative Capacity as ADA Coordinator and separately as Deputy Clerk of Court; LINDA MCCULLOUGH, in her Individual, Official, and Administrative Capacity as ADA Coordinator; N. BENAVIDEZ, in her Individual, Administrative, and Official Capacity as Deputy Clerk of Court; JOSEPH LANE, in his Individual, Administrative, and Official Capacity as Clerk of the Court; BECKY FISCHER, in

2

her Individual, Administrative, and
Official Capacity as Deputy Clerk of
Court; S. BLAND, in her Individual,
Administrative, and Official Capacity as
Deputy Clerk of Court; O. CHAPARYAN,
in her Individual, Administrative, and
Official Capacity as Deputy Clerk of
Court; CANON FINANCIAL SERVICES
INC, ,

Defendants - Appellees.

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted March 8, 2016[**]
Pasadena, California

Before: REINHARDT, MURGUIA, and OWENS, Circuit Judges.

Plaintiffs ASAP Copy and Print ("ASAP"), Ali Tazhibi, and Nina Ringgold[1]

appeal the district courts' orders transferring venue, assigning the case to Judge

Manuel Real, denying an ex parte application to disqualify Judge Real, dismissing

the plaintiffs' complaint, and awarding sanctions against Ringgold, among other

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Ringgold is both a plaintiff in the federal lawsuit and the attorney for ASAP and Tazhibi.

3

issues raised. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court in full.[2]

**1.** We affirm the district court's order transferring venue. 28 U.S.C. § 1404(a) establishes that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Here, it is undisputed that the plaintiffs could have brought their lawsuit in the Central District of California. The district court did not abuse its discretion in concluding that transfer to the Central District from the Northern District was justified under § 1404(a). The relevant state litigation occurred in the Central District, and the vast majority of defendants reside there. Further, Ringgold's office is in the Central District, and she has litigated numerous matters

---

[2] We also grant the plaintiffs' motion for judicial notice to the extent that it is compatible with Federal Rule of Evidence 201 and "do[es] not require the acceptance of facts subject to reasonable dispute." *Associated Gen. Contractors of Am., San Diego Chapter, Inc. v. Cal. Dep't of Transp.*, 713 F.3d 1187, 1190 n.1 (9th Cir. 2013) (quoting *California ex rel. RoNo, LLC v. Altus Fin. S.A.*, 344 F.3d 920, 931 n.8 (9th Cir. 2003)).

there. *See, e.g., Ringgold-Lockhart v. County of Los Angeles*, 552 F. App'x 648 (9th Cir. 2014).[3]

**2.** We affirm the district court's order assigning the case to Judge Real. Central District General Order 14-03 provides that "[a]ny case may be transferred from one judge to another by order jointly signed by the transferor and transferee judges." General Order No. 14-03, at *15, *available at* https://www.cacd.uscourts.gov/sites/ default/files/general-orders/GO%2014-03.pdf.  The plaintiffs' lawsuit was originally assigned to Judge Ronald S.W. Lew. Soon thereafter, Judge Real signed an order reassigning the case to himself. Judge Lew did not sign the order, but the relevant form had no space for Judge Lew's signature, and there is no evidence in the record that Judge Lew ever objected to the transfer. *See In re Marshall*, 721 F.3d 1032, 1040 (9th Cir. 2013) (noting the broad discretion enjoyed by district courts to interpret and enforce their own general orders). Further, even if the district court erred in

---

[3] We also reject the plaintiffs' argument that the district court lacked the power to grant the defendants' motion to transfer venue without providing the plaintiffs with an opportunity to respond.  *See Wash. Pub. Utils. Grp. v. U.S. Dist. Court for W. Dist. of Wash.*, 843 F.2d 319, 326 (9th Cir. 1987) (noting that the petitioners had "failed to demonstrate that a sua sponte order to change venue would be a clear error as a matter of law").

reassigning the case, the plaintiffs have not established any prejudice caused by the error.[4]

**3.**     We affirm the district court's order denying the plaintiffs' ex parte application to disqualify Judge Real. The plaintiffs argue that Judge Real should have been disqualified under 28 U.S.C. § 144 and § 455 because he harbored a "pervasive bias" against them. Under both statutory sections, the determinative question is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (quoting *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997)). As the district court correctly concluded, the plaintiffs have not come close to establishing the requisite bias and have instead largely relied on "the outlandish suggestion that any judge who has formed any opinion about a legal issue or a party's attorney must be recused because of unfair bias."

**4.**     We affirm the district court's order dismissing the plaintiffs' complaint under the *Rooker-Feldman* doctrine because the complaint is a collateral attack on previous state court judgments. Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to hear "cases brought by state-court losers complaining of injuries caused

---

[4] We also reject the plaintiffs' argument that the district court erred by not granting their request for "intercircuit assignment" under 28 U.S.C. § 292.

6

by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Here, the plaintiffs' lawsuit is premised on two categories of claims. First, the complaint alleges a litany of state and federal violations stemming from discrete state court decisions issued against the plaintiffs. As relief, the complaint requests injunctions barring the enforcement of the state court orders. The complaint also asks the district court to "deem" certain state proceedings "void." Those claims are therefore barred by the *Rooker-Feldman* doctrine because they essentially seek relief from state court judgments. *See Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). The lawsuit's second category of claims alleges that superior court judges in the County of Los Angeles have effectively resigned their positions and are sitting unconstitutionally because they have accepted county employment benefits, in addition to the compensation prescribed by the state legislature. As relief, the plaintiffs seek to void and prevent the enforcement of prior state proceedings. The second category of claims is therefore also barred by the *Rooker-Feldman* doctrine because "the relief requested in the federal action would effectively reverse the state court decision or void its

ruling." *Cooper v. Ramos*, 704 F.3d 772, 779 (9th Cir. 2012) (quoting *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002)).[5]

**5.**     We affirm the district court's order granting defendant Canon Financial Services' motion for Rule 11 sanctions against Ringgold after she named the company as a defendant in the federal lawsuit.  As Canon Financial and the other defendants have amply demonstrated, the district court did not abuse its discretion in concluding that the lawsuit was a frivolous and thinly veiled collateral attack on previous state court judgments. *See* Fed. R. Civ. P. 11(b)(1), (2). That conclusion is even more appropriate in Canon Financial's specific case because the company was not responsible for the conduct that gave rise to the vast majority of the complaint's allegations.[6]

---

[5] Even if the district court had jurisdiction over the claims regarding the compensation of state judges, the complaint's dismissal was justified because the plaintiffs have failed to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The complaint's legal theory hinges on the curious assertion that because state judges have accepted additional county employment benefits, they have unwittingly resigned and are, in essence, impostors on the bench who are violating the unconsenting plaintiffs' federal and state rights. That position finds no support in state or federal law.

[6] We also reject Ringgold's contention that Canon Financial violated Rule 11's safe harbor provision. Canon Financial served its motion for sanctions on Ringgold more than 21 days before filing it with the court, and the motion clearly described the conduct at issue. *See* Fed. R. Civ. P. 11, Advisory Comm. Notes, 1993.

**AFFIRMED**.